IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN E. JONES (#2011-0822043), | ) | |
| Plaintiff, | ) ) ) | Case No. 14 C 3208 |
| v. | ) ) | Judge Ronald A. Guzmán |
| THOMAS DART, et al., | ) ) | |
| Defendants. | ) | |

## ORDER

For the following reasons, the Court denies Defendants' motion to dismiss [#14].

## STATEMENT

*Pro se* Plaintiff John E. Jones, a Cook County Jail pretrial detainee, brought a civil rights action against Cook County Jail administration, pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement. Plaintiff alleged that his constitutional rights were violated when he was confined for 34 days to a cell that had a sink without running water. He claims that the lack of running water in his sink prevented him from washing his hands before eating and that this led to illness. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief may be granted. Although Plaintiff was permitted to do so, he did not file a response. Plaintiff was advised that if he failed to respond, the Court would decide the motion without benefit of his response. For the following reasons, the Court denies Defendants' motion to dismiss [#14].

**FACTS**

The facts, as pleaded in the complaint, are set forth below.

On January 13, 2014, Plaintiff was transferred from Division 1 to Division 9, Tier 2-E, cell #2007 (hereinafter "cell #2007") at Cook County Jail. Immediately upon entering cell #2007, he informed Correctional Officer Rosales that his sink was not working. (Compl. at 4.) At that time, Correctional Officer Rosales informed Plaintiff that a work order had already been placed to repair the sink in his cell. (*Id.*)

Plaintiff filed a grievance on February 4, 2014 in which he complained that "[he] ha[d] no sink water." (Compl., Ex. 1.) Plaintiff alleges that he told "every" correctional officer who worked on Tier 2-E that the sink in his cell did not work, but nothing was done. (*Id.*)

Plaintiff alleges that Division 9-2-E is a disciplinary tier and inmates are in their cells 21 hours a day, but that, on occasion, when a lock-down is in place, inmates may be in their cells for 24 hours a day. (Compl. at 5.) Plaintiff claims that "[he] was left in ... unsanitary conditions for 34 days" and that "[he] became nauseated, stomach pains, headaches, dizzy spells, and for several weeks ... was having problem with [his] digestive system." (*Id.*) Plaintiff alleges that he was unable to maintain a "clean environment" in cell #2007 due to the lack of running water in his sink. (*Id.*) He alleges that his "health problem occurred because [he] was forced to eat with soiled hands. Which could cause food poisoning or hepatitis." (Compl. at 5-6.)

Throughout February and March 2014, Plaintiff filed additional grievances, requesting that the water in his cell be fixed or that he be moved to another cell. Plaintiff claims that a plumber came to fix the sink on February 26, 2014, but that the sink did not work again within several hours. (*Id.*, Ex. 9.) Plaintiff seeks compensatory relief in the amount of $10,200.00. (*Id*. at 6.)

Defendants move to dismiss the complaint on the basis that: (1) Plaintiff has failed to allege a sufficiently serious injury; and (2) Plaintiff has not met the objective and subjective standards for an Eighth Amendment claim. (Defs.' Mot. at 6-13.)

**DISCUSSION**

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *see McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). The allegations "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Id.* at 1081.

Plaintiff claims that his 34-day confinement in cell #2007 without running water in his sink violated his constitutional rights. The Constitution requires that inmates be detained in humane conditions. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). In *Farmer*, the analysis concerning the humane treatment of convicted prisoners falls under the Eighth Amendment's prohibition against "cruel and unusual punishment." U.S. Const. amend. VIII. Pre-

3

trial detainees like Plaintiff, by contrast, are guaranteed humane treatment by the Due Process Clause of the Fourteenth Amendment; the analyses are "frequently consider[ed] [] to be analagous." *Guzman v. Sheahan*, 495 F.3d 852, 856 (7th Cir. 2007)(*quoting Washington v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002)(alteration in original)).

In evaluating a conditions-of-confinement claim, the Court conducts both an objective and a subjective inquiry. *Farmer*, 511 U.S. 825 at 834. The objective prong inquires whether the alleged deprivation is "sufficiently serious" so that a prison official's act or omission results in "the denial of the minimal civilized measure of life's necessities." *Id.* "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981), but inmates are entitled to adequate food, clothing, heat, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493. As defined in *Farmer*, 511 U.S. 825 at 837, the subjective prong is met if a prison official acts with deliberate indifference, that is, "the official knows of and disregards an excessive risk to inmate health or safety;" and is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and draws the inference.

Here, Plaintiff alleges that he was confined to a cell for 34 days with no running water in the sink. He claims that the lack of running water prevented him from maintaining a clean environment, and was unable to wash his hands before meals which led to various illnesses, including nausea, stomach pains, headaches, dizzy spells, and digestive problems.

4

On the one hand, courts in this circuit have found that broken in-cell plumbing, while inconvenient, does not generally rise to the level of a constitutional violation. *See, e.g.*, *Muhammad v. Wilson*, No. 05 C 743, 2006 WL 2413710, at *2-3 (N.D. Ill. Aug. 16, 2006) (broken plumbing for seven days where Plaintiff was given three meals a day, including beverages with each meal, "was an inconvenience" and "did not amount to a constitutional violation"); *Davis v. Biller*, No. 00 C 50261, 2003 WL 22764872, at *2 (N.D. Ill. Nov. 18, 2003) (inmate has a basic right to drinking water but a dysfunctional sink alone is not necessarily cruel and unusual punishment); *Heard v. Cooper*, 1995 U.S. Dist. LEXIS 13403, *5 (E.D. Ill. Sept. 12, 1995) ("Faulty plumbing is an inconvenience, not a deprivation.").

On the other hand, the Seventh Circuit has held that, under certain circumstances, the lack of in-cell plumbing satisfies the objective component of the inquiry. *See Vinning-El v. Long*, 482 F.3d 923, 923-25 (7th Cir. 2007) (reversing summary judgment for defendant where prisoner was deprived of basic sanitation items and incarcerated for six days in a cell in which blood and feces were smeared on the walls, water covered the floor, and the sink and toilet did not work); *Johnson v. Pelker*, 891 F.2d 136,139-40 (7th Cir. 1989) (prisoner stated an Eighth Amendment claim where he was incarcerated for three days in a cell that was smeared with human feces and had no running water); *see also Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (objective component met where prison conditions were "strikingly reminiscent of the Black Hole of Calcutta").

Here, given the 34-day time period Plaintiff was confined in cell #2007 with no running water and the potential health risk resulting from the inability to wash his hands before eating, the absence of working plumbing in his sink arguably made his cell uninhabitable. Accordingly, the Court finds that Plaintiff has satisfied the objective prong of the inquiry.

With respect to the subjective prong, Plaintiff claims that he complained numerous times to Cook County Jail officials, both orally and in writing, about the broken sink and that the problem was never ultimately resolved. He asserts that, upon entering cell #2007, he was advised that a work order was already in place. On February 4, 2014, Plaintiff filed a grievance about the lack of running water from his sink, and also claims that he told "every" correctional officer on Tier 2-E that his sink did not work. Plaintiff filed additional grievances thereafter, in which he noted that he was living in unsanitary conditions as a result of the lack of running water in his cell. It was not until February 26, 2014 that a plumber came to his cell to fix the sink. Plaintiff maintains, however, that only hours after the plumber fixed the sink, it stopped working again. Presuming the truth of Plaintiff's allegations and drawing all inferences in his favor, as the Court must do at this stage of the proceedings, the Court finds that Plaintiff has satisfied the subjective inquiry sufficient to withstand a motion to dismiss.

Thus, Plaintiff's claims regarding the conditions of his confinement at Cook County survive the Court's review under Rule 12(b)(6).

**CONCLUSION**

For the foregoing reasons, the Court denies Defendants' motions to dismiss [#14].

**Dated:** February 4. 2015

**Ronald A. Guzmán**
**United States District Judge**